JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 22-73 JGB (SHKx)** | Date | January 18, 2022 |
|---|---|---|---|
| Title | *Jozo Rotim v. Stephen R. Wadsworth, et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):     Attorney(s) Present for Defendant(s):

None Present     None Present

**Proceedings:**   Order REMANDING Case to Riverside County Superior Court (IN CHAMBERS)

Before the Court is a Notice of Removal filed by Defendant Stephen R. Wadsworth ("Removing Defendant" or "Mr. Wadsworth"). ("Removal Notice," Dkt. No. 1.) After considering the Removal Notice, the Court sua sponte REMANDS the case to the Riverside County Superior Court.

## I.   BACKGROUND

On December 7, 2021, Plaintiff Jozo Rotim filed an amended complaint in the Superior Court of the State of California for the County of Riverside against Defendant Stephen R. Wadsworth. ("FAC," Dkt. No. 1 at 11.) The FAC alleges one state law claim for unlawful detainer after foreclosure sale. (FAC.) The FAC also alleges it is a limited civil case with damages no more than $10,000. (Id.) On January 12, 2022, Removing Defendant removed the action to federal court. (Removal Notice.)

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). As such, a defendant may remove civil actions in which a federal question exists or in which complete diversity of

citizenship between the parties exists and the amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332.

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  Jackson v. Specialized Loan Servicing, LLC, 2014 WL 5514142, *6 (C.D. Cal. Oct. 31, 2014).  The court must resolve doubts regarding removability in favor of remanding the case to state court.  Id.

The district court may remand the case sua sponte or on the motion of a party.  Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir.1988) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)).  Such questions must be addressed at the outset of a case: "Without jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."  Ex parte McCardle, 7 Wall. 506, 514, 19 L.Ed. 264 (1868).  Thus, the Court must ordinarily address any jurisdiction questions first, before reaching the merits of a motion or case.  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101 (1998).

### III.  DISCUSSION

The Court lacks subject matter jurisdiction over this case.  A defendant may remove civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332.

The FAC does not include any claim "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331. The underlying action is an unlawful detainer proceeding, arising under and governed by the laws of the State of California. (FAC.)  Thus no federal question exists.  The FAC does not provide a basis for diversity jurisdiction either.  It does not allege damages in excess of $75,000.  The first page of the FAC clearly states that it is a limited civil case which alleges damage not in excess of $10,000. (FAC.) Removing Defendant has not plausibly alleged that the amount in controversy requirement has been met.  Id.; see Dart Cherokee Basin Operating Co. v. Owens, 135 U.S. 81, 88-89 (2014).  Based on the allegations in the FAC, Removing Defendant cannot show by a preponderance of evidence that the amount in controversy requirement is met.

### IV.  CONCLUSION

For the reasons above, the Court REMANDS the action to the Superior Court for the County of Riverside.  The Clerk is directed to close the case.

**IT IS SO ORDERED.**